IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARCUS,<br>　　　　Plaintiff,<br>　　v.<br>CITY OF RICHMOND, et al.,<br>　　　　Defendants. | Case No. 16-cv-02871-MMC<br><br>**ORDER DISMISSING ACTION** |

On September 2, 2016, plaintiff failed to appear as ordered at a regularly scheduled Case Management Conference in the above-titled action. That same day, the Court issued an order directing plaintiff to show cause, in writing filed no later than September 14, 2016, why the case should not be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute ("September 2 Order to Show Cause"). To date, no response to the Court's September 2 Order to Show Cause has been filed by plaintiff.

Further, as noted in that order, such failure to appear was not the first instance of plaintiff's failure to comply with the Court's orders. On August 15, 2016, the Court ordered plaintiff to "immediately submit" a chambers copy of plaintiff's First Amended Complaint, the operative pleading ("August 15 Order"). Thereafter, on August 24, 2016, no such document having been submitted, the Court issued an order directing plaintiff to show cause in writing, no later than August 31, 2016, why sanctions should not be imposed for plaintiff's failure to comply with the Court's August 15 Order ("August 24 Order to Show Cause"). To date, no response to the Court's August 24 Order to Show Cause has been filed, nor has a chambers copy of the operative pleading been

submitted.

Additionally, plaintiff failed to file an opposition to defendant City of Richmond's motion to dismiss plaintiff's original complaint. Although, after the motion was granted, plaintiff, with leave of court, filed the above-referenced amended complaint, plaintiff likewise has failed to file an opposition to defendant's motion to dismiss that pleading. Finally, plaintiff has failed to serve six of the seven named defendants.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed involuntarily "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such dismissal may be issued sua sponte. Hells Canyon Preserv. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

In determining whether dismissal is warranted under Rule 41(b), the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (internal quotation and citation omitted).

Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Here, four factors weigh in favor of dismissal.

The first factor, the public's interest in expeditious resolution, "always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor, the Court's need to manage its docket, also favors dismissal; plaintiff has repeatedly failed to comply with local rules and court orders, causing both the Court and counsel for the opposing party to expend time and resources to no productive end.

The third factor, risk of prejudice to the defendants, also favors dismissal. The law "presumes prejudice from unreasonable delay." In re Phenylpropanolamine (PPA) Prods. Liab. Litig, (In re PPA), 460 F.3d 1217, 1227 (9th Cir. 2006). Here, plaintiff has caused

unreasonable delay by failing to comply with the Federal Rules of Civil Procedure, this District's local rules, and/or the Court's standing orders, in that plaintiff has failed to respond to two Orders to Show Cause, failed to appear at a mandatory case management conference at which opposing counsel appeared, failed to submit chambers copies, failed to respond to two motions to dismiss, and failed to serve six of the seven defendants named in the complaint. At no point has plaintiff endeavored to rebut the presumption of prejudice by offering any reason for any such delay, despite having been provided ample opportunity to do so.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal, see Hernandez, 138 F.3d at 399, albeit "less strongly" if the dismissal is without prejudice, see McDermott v. Palo Verde Unified School Dist., 638 F. App'x 636, 638 (9th Cir. 2016).

The final factor, availability of less drastic sanctions, weighs in favor of dismissal. Plaintiff's repeated failures to obey court orders or, indeed, even to communicate with the Court, strongly suggests the case cannot proceed in an orderly manner and that, under such circumstances, the imposition of a lesser sanction than dismissal, such as a fine, would have no meaningful effect.

Accordingly, for all the reasons stated, the above-titled action is hereby DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 23, 2016

MAXINE M. CHESNEY
United States District Judge